**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALMORAL RACING CLUB, INC., et al., | ) | Case No. 14-45711 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Hearing Date: January 13, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 13, 2015 at 9:30 a.m., we shall appear before the Honorable Donald R. Cassling of the United States Bankruptcy Court, Northern District of Illinois, in Courtroom 619 in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois, and then and there present the **MOTION OF DEBTORS TO EMPLOY FOLEY & LARDNER LLP AS SPECIAL COUNSEL,** a copy of which is hereby served upon you.

> CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
> NATHAN Q. RUGG, ESQ. (ARDC #6272969)
> ERICH S. BUCK, ESQ. (ARDC #6274635)
> ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
> ADELMAN & GETTLEMAN, LTD.
> 53 West Jackson Blvd., Suite 1050
> Chicago, Illinois 60604
> Tel (312) 435-1050
> Fax (312) 435-1059
> **Proposed Counsel for Balmoral Racing Club, Inc. and Maywood Park Trotting Association, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that true and correct copies of this notice and motion were served upon the parties listed on the service list attached hereto via ECF, U.S. Mail, facsimile and/or overnight delivery as indicated below, on January 13, 2015.

By: /s/ Erich S. Buck

**SERVICE LIST**

**VIA ECF**:
Robert Andalman, Esq.
A&G Law LLC
542 South Dearborn, 10th floor
Chicago, IL 60605
FAX: 312-341-0700
randalman@aandglaw.com
 and
Andrew R. Greene, Esq.
A&G Law LLC
542 South Dearborn, 10th floor
Chicago, IL 60605
FAX: 312-341-0700
agreene@aandglaw.com

 and

Michael M. Eidelman, Esq.
Vedder Price P.C.
222 North LaSalle Street, suite 2600
Chicago, IL 60601
FAX: 312-609-5005
meidelmam@vedderprice.com
 and
Douglas J. Lipke, Esq.
Vedder Price P.C.
222 North LaSalle Street, suite 2600
Chicago, IL 60601
FAX: 312-609-5005
dlipke@vedderprice.com
*represent Empress Casino Joliet Corporation*
*Des Plaines Development Limited Partnership*
*Hollywood Casino-Aurora, Inc.*
*Elgin Riverboat Resort-Riverboat Casino*

Eric S. Rein, Esq.
Horwood Marcus & Berk, Chartered
500 West Madison, suite 3700
Chicago, IL 60661
FAX: 312-606-3232
rrein@hmblaw.com
 and
Jason M. Torf, Esq.
Horwood Marcus & Berk, Chartered
500 West Madison, suite 3700
Chicago, IL 60661
FAX: 312-606-3232
jtorf@hmblaw.com
*represent FirstMerit Bank, N.A.*

Joseph D. Frank, Esq.
FrankGecker LLP
325 North LaSalle, Suite 625
Chicago, IL 60654
FAX: 312-276-0035
jfrank@fgllp.com
 and
Frances Gecker, Esq.
FrankGecker LLP
325 North LaSalle, suite 625
Chicago, IL 60654
FAX: 312-276-0035
fgecker@fgllp.com
*represent Illinois Harness Horsemen's Association*

F. Kevin Murnighan
Carey Filter White & Boland
33 West Jackson, 5th floor
Chicago, IL 60604
FAX: 312-939-4285
kevin@careyfilter.com
*represents Hawthorne Race Course, Inc.*

Scott R. Clar
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle, suite 3705
Chicago, IL 60603
FAX: 312-641-7114
sclar@craneheyman.com
 and
Jeffrey C. Dan
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle, suite 3705
Chicago, IL 60603
FAX: 312-641-7114
jdan@craneheyman.com
 and
Brian P. Welch
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle, suite 3705
Chicago, IL 60603
FAX: 312-641-7114
bwelch@craneheyman.com
*represent John A. Johnston*

Patrick S. Layng, Esq.
Office of the U.S. Trustee
Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

**VIA FACSIMILE**:

James D. Newbold, Esq.
Assistant Attorney General,
 Revenue Litigation Bureau
Office of the Illinois Attorney General
100 West Randolph Street, suite 13-222
Chicago, IL 60601-3218
FAX:    312-814-3589
*represents State of Illinois/IRB*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALMORAL RACING CLUB, INC., et al., | ) | Case No. 14-45711 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | Hearing Date: January 13, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

**MOTION OF DEBTORS TO EMPLOY
FOLEY & LARDNER LLP AS SPECIAL COUNSEL**

TO:    THE HONORABLE DONALD R. CASSLING,
       U.S. BANKRUPTCY JUDGE:

NOW COME Balmoral Racing Club, Inc. ("**Balmoral**") and Maywood Park Trotting Association, Inc. ("**Maywood**"), debtors and debtors in possession (collectively, the "**Debtors**"), and for their motion to employ William J. McKenna, Esq., Martin J. Bishop, Esq., Jonathan W. Garlough, Esq., Meredith A. Shippee, Esq., and the law firm of Foley & Lardner LLP as their special counsel in these jointly administered Chapter 11 cases (the "**Motion**") pursuant to Section 327(e) of the Bankruptcy Code (the "**Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), respectfully state as follows:

**I.    FACTUAL BACKGROUND**

    **A.    Jurisdiction**

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    The statutory predicate for the relief requested herein is Section 327(e) of the Code. The applicable Bankruptcy Rule is Rule 2014.

2

**B.     The Chapter 11 Cases**

3.      On December 24, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Code. These cases (the "**Chapter 11 Cases**") are being jointly administered pursuant to that certain order entered by the Court [Docket Entry No. 44]. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate their businesses as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

4.      Neither a trustee nor a committee of unsecured creditors has been appointed in the Chapter 11 Cases. The first meeting of creditors under section 341(a) of the Code is scheduled to be held on February 4, 2015.

5.      The nature of the Debtors' businesses, including the relationship of the Debtors, and the factual background relating to the commencement of the Chapter 11 Cases, are set forth in more detail in the *Declaration of Randall Olech in Support of Chapter 11 Petitions and First-Day Motions* [Docket Entry No. 8] (the "**Olech Declaration**"), filed on the Petition Date and incorporated herein by reference.

**C.     The Illinois Racing Board and Regulation of the Horse Racing Industry**

6.      As explained further in the Olech Declaration, the Debtors operate pari-mutuel wagering at the Balmoral Park and Maywood Park racetracks under a license granted by the State of Illinois pursuant to the Illinois Horse Racing Act of 1975, 230 ILCS 5/1 et seq. (the "**Horse Racing Act**").

7.      The Illinois Racing Board (the "**IRB**") was created in 1933 and its legal mandate is defined in the Horse Racing Act. The jurisdiction, supervision, powers, and duties of the IRB extend under the Horse Racing Act to the Debtors and every person who holds or conducts any

3

race meeting within the State of Illinois where horse racing is permitted for any stake, purse or reward. As stated on their webpage (http://www.illinois.gov/irb), the mission of the IRB is to regulate horse racing through the enforcement of the Horse Racing Act and its rules and regulations and to ensure the honesty and integrity of Illinois racing and wagering. The IRB holds regular and special meetings as may be necessary to perform properly and effectively all duties under the IRB. The Horse Racing Act and the IRB collectively regulate and control the procedures for all aspects of the racing and wagering process, with respect to races held at the racetracks and the wagers at the OTBs.

    **D.**    **The Riverboat Litigation**[1]

8.    To protect the horseracing industry and maintain and grow the economic benefit derived from Illinois horse racing, in 2006, Illinois passed a law (the "**2006 Racing Act**") imposing a 3% tax on the four largest riverboat casinos in Illinois - Empress Casino in Joliet, Harrah's Casino in Joliet, Grand Victoria Casino in Elgin and Hollywood Casino in Aurora (collectively, the "**Riverboats**"). In 2008, the Racing Act was extended for an additional three (3) years (the "**2008 Racing Act**").

9.    Having failed in their years-long efforts to have either the 2006 or 2008 Racing Acts invalidated by the Illinois state courts, in July 2009 the Riverboats filed suit in the U.S. District Court for the Northern District of Illinois, Eastern Division (Case No. 09-CV-03585) against the Debtors and John Johnston, among others, alleging various theories of recovery, including an alleged scheme involving former Governor Rod Blagojevich and the 2008 Racing Act notwithstanding that the 2006 Racing Act had been upheld by the Illinois Supreme Court (the "**Riverboat Litigation**").

---

[1] A more detailed explanation of the Riverboat Litigation is provided in the *Motion of Debtors to Modify Automatic Stay* filed on December 31, 2014 [Docket No. 39].

10. In August 2013, District Court granted the Debtors' and John Johnston's motion for summary judgment, concluding that the Riverboats had failed to offer sufficient evidence that the defendants' actions proximately caused the Riverboats' alleged harm and completely terminated the case in favor of the defendants. The Riverboats appealed that decision and on August 14, 2014, the United States Court of Appeals for the Seventh Circuit affirmed in part, and reversed in part, the District Court's ruling. *Empress Casino Joliet Corp v. Johnston*, 763 F.3d 723 (7th Cir. 2014). Specifically, the Seventh Circuit held with respect to the 2006 Racing Act, the Riverboats had offered neither sufficient evidence that the racetracks proximately caused the 2006 Act's enactment, nor sufficient evidence that defendants engaged in any wrongdoing at all. With respect to the 2008 Racing Act, however, the Seventh Circuit held that there was a dispute of fact as to whether defendants promised to pay Blagojevich a bribe to sign the 2008 Act into law. The Seventh Circuit thus vacated the District Court's ruling as to the 2008 Racing Act, and remanded the case back for further proceedings.

11. After a week-long jury trial, on December 11, 2014, a judgment was entered in favor of the Riverboats against the Balmoral, Maywood and John Johnston, jointly and severally, in excess of $75 million (the "**Judgment**"). Counsel for the Debtors and John Johnston intend to contest the Judgment and filed a post-judgment motion and will appeal within the appropriate time periods (the "**Appeal**").

12. Under Rule 62 of the Federal Rules of Civil Procedure, the Riverboats were prohibited from exercising any of their post-judgment collection remedies against Balmoral, Maywood and John for 14 days from and after the entry of the Judgment. Such 14-day period would have expired on December 25, 2014.

5

13. Efforts by the Balmoral, Maywood and John Johnston to obtain a consensual standstill period before the expiration of the 14-day stay with the Riverboats to allow for settlement negotiations proved unsuccessful. The judgment debtors did not have the economic wherewithal to post the necessary bond pending the Appeal to forestall collection efforts.

14. The Debtors therefore commenced these Chapter 11 Cases to stay the Judgment and to protect the value of their assets and businesses for the benefit of all of their creditors, employees, and other interested parties. The Debtors believe they can successfully restructure their obligations under the provisions of the Bankruptcy Code, and intend to propose a plan of reorganization and successfully emerge from these Chapter 11 Cases.

15. On December 31, 2014, the Debtors filed a motion seeking to modify the automatic stay in the Chapter 11 Cases for the limited purpose of exercising the Debtors' post-trial rights in the Riverboat Litigation, including but not limited to the filing and prosecution of the Appeal [Docket No. 39]. After notice and hearing on January 6, 2015, this Court approved the relief requested in the lift-stay motion, and the Debtors thereafter submitted an order approving such relief for entry.

## II.    RELIEF REQUESTED

16. The Debtors desire to employ the law firm of Foley & Lardner LLP, 321 North Clark Street, Suite 2800, Chicago, Illinois 60654, as the Debtors' special counsel ("**Foley**" or **"Special Counsel"**), and specifically William J. McKenna, Esq., Martin J. Bishop, Esq., Jonathan W. Garlough, Esq., and Meredith A. Shippee, Esq., as legal counsel to the Debtors in (a) pursuing the Appeal and any post-trial motions in the Riverboat Litigation, and (b) assisting and advising the Debtors in dealing with the IRB in connection with any issues related to the Chapter 11 Cases.

17. Over the past twenty-five years, Special Counsel has served as outside counsel to the Debtors in a variety of matters relating to the Debtors' racetracks and the horse racing industry. Prior to the Petition Date, Special Counsel represented the Debtors in the Riverboat Litigation and in proceedings before the IRB. In that regard, Special Counsel is very familiar with the Debtors' business, the Illinois horse racing industry and the regulation thereof, and the issues to be addressed in the Riverboat Litigation post-judgment.

18. The Debtors anticipate that Special Counsel will represent the Debtors in connection with any or all of the following matters now known or hereafter arising during the Chapter 11 Cases (collectively, the **"Special Counsel Matters"**):

   a. Any post-trial motions in the Riverboat Litigation;

   b. The Appeal of the Judgment;

   c. Advising and assisting the Debtors in dealing with the IRB in connection with any issues related to the Chapter 11 Cases; and

   d. Representation of the Debtors at regularly-scheduled and specially-called meetings of the IRB.

19. The Debtors understand and believe that Special Counsel has had considerable experience in connection with the Special Counsel Matters and is well qualified to represent them in connection therewith.

20. In light of the size of the Judgment, the existing rights and remedies available to the Debtors for the Appeal, and Foley's historical knowledge of the Riverboat Litigation, the Debtors believe that it is in their estates' best interests to retain Foley to pursue the Appeal and any post-trial motions available.

21. Further, in an effort to maintain their standing with the IRB – which is critical to the Debtors' licensing under the IHRA, ongoing operations and prospects for reorganization – the Debtors believe it is in their estates' best interests to have Foley serve as counsel to assist the Debtors with respect to any relevant proceedings and other matters before the IRB related to the Chapter 11 Cases. Prior to the Petition Date, Foley served the Debtors in such a capacity, and its knowledge of the Debtors' business and the horse racing industry, as well as its working relationships with the members of the IRB and its staff, leave Foley well positioned to address any IRB issues that may arise during the Chapter 11 Cases.

22. Foley has agreed to provide legal services to the Debtors on the Special Counsel Matters at its standard hourly rates charged to its non-bankruptcy debtor clients, which range from $215.00 to $715.00 per hour for attorneys likely to work on this matter and $115.00 to $285.00 per hour for paraprofessionals likely to work on this matter.[2] Mr. McKenna's current rate is $595.00 per hour, Mr. Bishop's current rate is $560.00 per hour, Mr. Garlough's current rate is $485.00 per hour, and Ms. Shippee's current rate is $355.00 per hour.

23. Foley has rendered and continues to render services to the Debtors in the Chapter 11 Cases from and since the Petition Date. Accordingly, the Debtors request that the Court approve the employment of Foley retroactive to December 24, 2014.

24. As noted above, Foley has represented the Debtors and John Johnston in the Riverboat Litigation. As further explained in the Olech Declaration, Mr. Johnston is President of Balmoral, Vice President of Maywood, and a director and shareholder of the parent company of the Debtors. Foley contemplates its continued representation of both the Debtors and Mr. Johnston in the Riverboat Litigation and the Appeal, as it is in the best position to represent their

---

[2] Rates are subject to adjustment from time to time per firm policy.

8

collective interests given its intimate involvement in the Riverboat Litigation and its knowledge of the issues to be presented in the Appeal. A separate motion to retain Foley as special counsel will be filed by Mr. Johnston in his chapter 11 bankruptcy case, also pending before this Court (Case No. 14-45657).

25.     In light of Foley's representation of all three parties, and the common interests of all three with respect to the Appeal, the Debtors and Mr. Johnston have agreed to a 45%-45%-10% allocation of fees and expenses between Balmoral, Maywood and Mr. Johnston, respectively. The allocation takes into account (a) the historical payment of Foley's legal fees, which were previously borne entirely by the Debtors and applicable insurance proceeds, and (b) Mr. Johnston's assertion that he would otherwise be entitled to payment of any and all defense costs as an officer of the Debtors under the Debtors' by-laws. Moreover, the Debtors submit that even if Mr. Johnston were not a party to the Appeal, with <u>all</u> costs thereof to be borne by the Debtors, it would still be in the best interests of the Debtors' estates to pursue the Appeal and thus pay 100% of the attendant fees and expenses.

26.     All compensation and reimbursement of expenses payable to Foley shall be subject to further order of this Court. It is contemplated that the Debtors will file a motion seeking the establishment of monthly procedures for the payment of interim compensation and reimbursement of expenses to Foley and all other professionals retained in these cases in accordance with any prior orders of this Court.

### III.    <u>NOTICE</u>

27.     Bankruptcy Rule 6003 provides, among other things, that an application under Bankruptcy Rule 2014 shall not be granted within 21 days after the filing of the petition "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm." Given that the petition in this case was filed on December 24, 2014, twenty days will have elapsed at

9

the time of presentment of this Motion. Thus, the Debtors recognize that if the Court grants the relief requested herein, an order reflecting same will not be entered earlier than January 15, 2015 in compliance with Bankruptcy Rule 6003.

28. Notice of the filing of this Motion and the hearing scheduled therefor has been provided by facsimile, overnight mail, and/or CM/ECF to: (a) the Office of the United States Trustee for the Northern District of Illinois; and (b) all other parties who have requested notice and service of pleadings. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

WHEREFORE, Balmoral Racing Club, Inc. and Maywood Park Trotting Association, Inc., debtors herein, respectfully request the entry of an order in accordance with the foregoing recommendations in the form filed herewith and made a part hereof, authorizing the Debtors' retention of Special Counsel, and for such other and further relief as is just and necessary.

    Respectfully Submitted,

    BALMORAL RACING CLUB, INC. and
    MAYWOOD PARK
    TROTTING ASSOCIATION, INC.

    By:   /s/ Erich S. Buck
        One of their proposed attorneys

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
NATHAN Q. RUGG, ESQ. (ARDC #6272969)
ERICH S. BUCK, ESQ. (ARDC #6274635)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Proposed Counsel for the Debtors**