# EXHIBIT A

# Affidavit of William J. McKenna

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BALMORAL RACING CLUB, INC., et al., | ) | Case No. 14-45711 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Donald R. Cassling |
| | ) | |

### AFFIDAVIT OF DISINTERESTEDNESS OF WILLIAM J. MCKENNA

I, William J. McKenna, under penalties as provided by law pursuant to 28 U.S.C. § 1746, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I am an attorney duly qualified and admitted to practice in the State of Illinois.

2. I am a partner at the law firm of Foley & Lardner LLP ("Foley"), 321 North Clark Street, Suite 2800, Chicago, Illinois 60654.

3. I submit this Affidavit in connection with the *Motion of Debtors to Employ Foley & Lardner LLP as Special Counsel* (the "Motion")[1].

4. To the best of my knowledge, neither I nor any member of Foley has any connection with the United States Trustee or any person employed by the United States Trustee.

5. To the best of my knowledge, neither I nor any member of Foley has any connection with Balmoral Racing Club, Inc. ("Balmoral") or Maywood Park Trotting Association, Inc. ("Maywood"), debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered bankruptcy cases (the "Chapter 11 Cases"), or any of their respective creditors, or any other party in interest or their respective attorneys, with the exception(s) that:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

4810-8925-0593.1

a. Since 2009, Foley has served as counsel to the Debtors in connection with the Riverboat Litigation;

b. Since at least 1990, Foley has served as counsel to the Debtors in connection with various proceedings before or other matters involving the IRB;

c. Since at least 1990, Foley has served as counsel to the Debtors in various matters unrelated to the Riverboat Litigation, the IRB and/or the Chapter 11 Cases, including:

   i. Litigation with the Illinois Harness Horsemen over working conditions at the racetracks.
   ii. Litigation with other racetracks regarding administrative decisions of the IRB on a variety of issues including recapture.
   iii. The chapter 11 bankruptcy of National Jockey Club ("NJC").
   iv. General corporate matters relating to the Debtors' relationship with World Wide Wagering, Inc. ("World Wide"), the sole shareholder of the Debtors.
   v. The original acquisition of interests in Balmoral.
   vi. Various litigation with vendors to the Debtors.
   vii. Litigation with unions representing employees of the Debtors.

d. Since 2009, Foley has served as counsel to John Johnston in connection with the Riverboat Litigation. Mr. Johnston is the President of Balmoral, Vice President of Maywood, and a shareholder and director of World Wide. In addition, as a co-obligor on the Judgment, Mr. Johnston shares joint and several liability thereon with the Debtors.

e. Since 2009, Foley has served as counsel to John Johnston in various matters unrelated to the Riverboat Litigation, including:

   i. In 2011, Foley represented Mr. Johnston in connection with his acquisition of certain stock of World Wide previously held by members of the Steinbrenner family.

f. Foley represented a former affiliate of the Debtors, Intertrack Partners, in connection with the chapter 11 bankruptcy of NJC, but such representation has been concluded. Foley has also represented World Wide in connection with certain corporate transactions.

g. Foley has represented or continues to represent various other creditors of the Debtors and other individuals and entities with a connection to the Debtors in matters unrelated to the Debtors' Chapter 11 Cases, provided, however, that none of such creditors provided revenues to Foley in excess of one percent

4810-8925-0593.1

(1%) for any year. Included among those individuals and entities are the following:[2]

    i. Caesars Entertainment Corporation
    ii. First Merit Bank f/k/a Midwest Bank & Trust
    iii. Integrys Energy Group, Inc.
    iv. Integrys Energy Services, Inc.
    v. Mesirow Financial
    vi. MidAmerican Energy Holdings Company
    vii. Nicor Gas Company
    viii. Nicor Gas
    ix. Otis Elevator
    x. Peerless Industries, Inc.
    xi. Trane U.S. Inc.
    xii. Village of Melrose Park, Illinois

6. Foley's representation of the aforementioned creditors will not have any adverse effect on its representation of the Debtors. Foley will not represent any of such creditors in the Chapter 11 Cases pending before this Court.

7. To the best of my knowledge, neither I nor any member of Foley has any connection with any other parties in interest or their respective attorneys.

8. As of the Petition Date, Foley has approximately $4,410.00 in fees and expenses outstanding in connection with its pre-petition representation of the Debtors in the Riverboat Litigation.

9. To the best of my knowledge, neither I nor any member of Foley represents any interests adverse to the Debtors or their respective estates.

Affiant further sayeth not.

                                                          William J. McKenna, Esq.

FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

---

[2] This is a preliminary list and will be supplemented later this month after Foley completes its connections check on all of the Debtors' creditors.

4810-8925-0593.1