**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| BALMORAL RACING CLUB, INC., et al., | ) | Case No. 14-45711 |
| | ) | (Jointly Administered) |
| Debtors. | ) | Honorable Donald R. Cassling |
| | ) | |
| | ) | **Hearing Date and Time:** |
| | ) | **October 25, 2016 at 9:30 a.m.** |

**NOTICE OF MOTION**

TO:    See attached service list

      PLEASE TAKE NOTICE that on October 25, 2016, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in his place and stead, in Courtroom 619 of the Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, and then and there present that certain **FIFTEENTH MONTHLY AND FINAL FEE APPLICATION OF FOLEY & LARDNER LLP AS SPECIAL COUNSEL TO BALMORAL RACING CLUB, INC. AND MAYWOOD PARK TROTTING ASSOCIATION, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD FROM AUGUST 1, 2016 THROUGH SEPTEMBER 27, 2016 AND THE FINAL PERIOD FROM DECEMBER 24, 2014 THROUGH SEPTEMBER 27, 2016.**, a copy of which is attached hereto and hereby served upon you.

Dated:  October 5, 2016                                        FOLEY & LARDNER LLP

                                                                         By:  /s/ William J. McKenna
                                                                            William J. McKenna
                                                                            Foley & Lardner LLP
                                                                            321 North Clark Street, Suite 2800
                                                                            Chicago, Illinois 60654-5313
                                                                            (312) 832.4500 Telephone
                                                                            (312) 832.4700 Facsimile

4828-6750-7767.4

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true copy of the foregoing Notice of Motion and **FIFTEENTH MONTHLY AND FINAL FEE APPLICATION OF FOLEY & LARDNER LLP AS SPECIAL COUNSEL TO BALMORAL RACING CLUB, INC. AND MAYWOOD PARK TROTTING ASSOCIATION, INC. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE INTERIM PERIOD FROM AUGUST 1, 2016 THROUGH SEPTEMBER 27, 2016 AND THE FINAL PERIOD FROM DECEMBER 24, 2014 THROUGH SEPTEMBER 27, 2016** were served upon the persons listed on the attached Service List via ECF, as indicated, this 5th day of October, 2016.

      /s/ William J. McKenna
      William J. McKenna

## SERVICE LIST

**VIA ECF**:

- Paige E Barr    paige.barr@kattenlaw.com
- William J. Barrett    william.barrett@bfkn.com, mark.mackowiak@bfkn.com;gregory.demo@bfkn.com;ecf-6ec602372536@ecf.pacerpro.com;william-barrett-bfkn-3622@ecf.pacerpro.com
- Jeffrey Bergman    jbergman@mandellmenkes.com, ngagen@mandellmenkes.com;docket@mandellmenkes.com
- Alexander F Brougham    abrougham@ag-ltd.com
- Robert J Brown    loubankruptcy@wyattfirm.com
- Erich S Buck    ebuck@ag-ltd.com, lhope@ag-ltd.com
- Robert Charles    rcharles@lrrlaw.com, bankruptcynotices@lrrlaw.com
- Barry A Chatz    bachatz@arnstein.com, jbmedziak@arnstein.com
- Scott R Clar    sclar@craneheyman.com, mjoberhausen@craneheyman.com;asimon@craneheyman.com
- Jeffrey C Dan    jdan@craneheyman.com, gbalderas@craneheyman.com;dwelch@craneheyman.com;jmunoz@craneheyman.com
- Michael J Dudek    mdudek@leolawpc.com, emartinez@leolawpc.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com
- John F. Etzkorn    jetzkorn@arnoldandkadjan.com, bshea@arnoldandkadjan.com
- Robert M Fishman    rfishman@shawfishman.com, kjanecki@shawfishman.com
- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;jkleinman@fgllp.com;mmatlock@fgllp.com
- Frances Gecker    fgecker@fgllp.com, csmith@fgllp.com
- Chad H. Gettleman    cgettleman@ag-ltd.com, ts@ag-ltd.com
- Andrew R Greene    agreene@aandglaw.com, edavis@aandglaw.com,ldavlin@aandglaw.com;ahawker@aandglaw.com
- John W Guzzardo    jguzzardo@shawfishman.com, orafalovsky@shawfishman.com
- Micah R Krohn    mkrohn@fgllp.com, ccarpenter@fgllp.com;csmith@fgllp.com;mmatlock@fgllp.com
- Jeffrey A Krol    jeffkrol@johnsonkrol.com, docket@johnsonkrol.com;Khuans@johnsonkrol.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Thomas S. Leo    sleo@leolawpc.com, emartinez@leolawpc.com
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com
- Robert Lynch    robert.lynch2@illinois.gov
- Joseph E Mallon    mallon@johnsonkrol.com, docket@johnsonkrol.com;foderaro@johnsonkrol.com
- William J McKenna    wmckenna@foley.com, thardy@foley.com;khall@foley.com
- Kevin H Morse    khmorse@arnstein.com
- Steven D Mroczkowski    smroczkowski@sosinarnold.com
- Kevin Murnighan    kevin@careyfilter.com, rzaleski@careyfilter.com;arodriguez@careyfilter.com
- Eric S. Rein    rrein@hmblaw.com, dzic@hmblaw.com;ecfnotices@hmblaw.com
- Peter J Roberts    proberts@shawfishman.com
- Nathan Q. Rugg    nrugg@ag-ltd.com, lhope@ag-ltd.com
- Meredith Shippee    mshippee@foley.com
- Eric T Stach    stach@dlglawgroup.com, docketing@dlglawgroup.com
- Jason M Torf    jtorf@hmblaw.com, ecfnotices@hmblaw.com
- Steven B Towbin    stowbin@shawfishman.com
- Daniel I Waxman    lexbankruptcy@wyattfirm.com
- Brian P Welch    bwelch@craneheyman.com, gbalderas@craneheyman.com
- Melinda J Wetzel    wetzel@johnsonkrol.com, docket@johnsonkrol.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BALMORAL RACING CLUB, INC., et al., ) | Case No. 14-45711 |
| ) | (Jointly Administered) |
| Debtors. ) | Honorable Donald R. Cassling |
| ) | |
| ) | **Hearing Date and Time:** |
| ) | **October 25, 2016 at 9:30 a.m.** |

**FIFTEENTH MONTHLY AND FINAL FEE APPLICATION
OF FOLEY & LARDNER LLP AS SPECIAL COUNSEL TO BALMORAL RACING
CLUB, INC. AND MAYWOOD PARK TROTTING ASSOCIATION, INC.
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE INTERIM PERIOD FROM AUGUST 1, 2016 THROUGH
SEPTEMBER 27, 2016 AND THE FINAL PERIOD FROM DECEMBER 24, 2014
THROUGH SEPTEMBER 27, 2016**

Foley & Lardner LLP ("Foley"), as special counsel to Balmoral Racing Club, Inc. ("Balmoral") and Maywood Park Trotting Association, Inc. ("Maywood") in these cases (collectively, the "Debtors" or the "Chapter 11 Cases"), submits its final fee application for compensation of fees and expenses (the "Final Fee Application"). Foley hereby applies, pursuant to §§ 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure for an Order: (i) awarding it reasonable compensation for professional services rendered in the amount of **$4,996.80**, representing 90% of $5,552.00, together with reimbursement for actual and necessary expenses in the amount of $**39.00** for the period commencing August 1, 2016 through and including September 27, 2016 (the "Interim Fee Period"); and (ii) granting final approval of interim compensation previously paid for professional legal services rendered in the amount of **$291,012.75** together with total additional compensation requested net of prior payments in the amount of **$55,382.49** and interim expense reimbursement previously paid in the amount of

---

*All capitalized terms not otherwise defined herein shall have the meaning as set forth in the motions to employ Foley.

4828-6750-7767.4

**$23,082.86** for the period commencing December 24, 2014 through July 31, 2016 (the "Final Fee Period"). In support of its Application, Foley respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief sought herein are §§ 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On December 24, 2014, Balmoral Racing Club, Inc. and Maywood Park Trotting Association, Inc. filed for relief under Chapter 11 of the Bankruptcy Code.

5. On December 30, 2014, this Court entered an Order authorizing the joint administration of the Balmoral and Maywood Chapter 11 Cases.

6. On January 27, 2015, this Court entered orders approving Foley's employment and retention as special counsel to the Debtor relating to the Riverboat Litigation, *nunc pro tunc* to December 24, 2014.

7. On March 3, 2015, this Court entered an agreed order approving Foley's employment as special counsel, in the Balmoral and Maywood chapter 11 cases, relating to Illinois Racing Board matters.

8. Pursuant to its first quarterly interim application for fees and expenses, following certain objections and a hearing, the Court entered an order on June 8, 2015 approving the payment of $72,593.07 of fees and expenses covering the time period December 24, 2014 to March 31, 2015.

9. On June 10, 2015, this Court entered an Order Modifying Administrative Order Establishing Procedures for the Payment of Interim Compensation and Reimbursement of Expenses to Professionals [Docket No. 227] (the "Payment Procedures Order") allowing Foley's interim compensation representing the first consolidated monthly payment request of Foley under the modified Payment Procedures Order ("the "First Consolidated Monthly Payment Request"). Foley was seeking the amount of $19,247.60 as compensation for fees and $546.13 for reimbursement of expenses. The amounts allowed pursuant to the Payment Procedures Order represents (80% of $24,059.50) in fees and 100% of the expenses requested in Foley's First Consolidated Monthly Payment Request.

10. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its second monthly payment request (the "Second Monthly Payment Request") the amount of $3,384.36 as compensation for fees and no disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of $4,700.50) in fees and no disbursements requested in Foley's Second Monthly Payment Request.

11. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its third monthly payment request (the Third Monthly Payment Request") the amount of $11,604.60 as compensation for fees and $736.40 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $16,117.50) in fees and 100% of the expenses requested in Foley's Third Monthly Payment Request.

12. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its fourth monthly payment request (the "Fourth Monthly Payment Request") the amount of $69,621.84 as compensation for fees and $13,014.96 in disbursements. The amounts allowed

pursuant to the Payment Procedures Order represents (80% of the 90% of the $96,697.00) in fees and 100% of the disbursements requested in Foley's Fourth Monthly Payment Request.

13.     Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its fifth monthly payment request (the "Fifth Monthly Payment Request") the amount of $6,883.20 as compensation for fees and $901.20 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $9,560.00) in fees and 100% of the disbursements requested in Foley's Fifth Monthly Payment Request.

14.     Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its sixth monthly payment request (the "Sixth Monthly Payment Request") the amount of $43,855.20 as compensation for fees and $6,626.28 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $60,910.00) in fees and 100% of the disbursements requested in Foley's Sixth Monthly Payment Request.

15.     Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its seventh monthly payment request (the "Seventh Monthly Payment Request") the amount of $12,048.48 as compensation for fees and $36.62 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $16,734.00) in fees and 100% of the disbursements requested in Foley's Seventh Monthly Payment Request.

16.     Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its eighth monthly payment request (the "Eighth Monthly Payment Request") the amount of $22,608.36 as compensation for fees and $398.64 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $31,400.50) in fees and 100% of the disbursements requested in Foley's Eighth Monthly Payment Request.

17. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its ninth monthly payment request (the "Ninth Monthly Payment Request") the amount of $16,253.64 as compensation for fees and $307.91 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $22,574.50) in fees and 100% of the disbursements requested in Foley's Ninth Monthly Payment Request.

18. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its tenth monthly payment request (the "Tenth Monthly Payment Request") the amount of $798.12 as compensation for fees and $66.96 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $1,108.50) in fees and 100% of the disbursements requested in Foley's Tenth Monthly Payment Request.

19. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its eleventh monthly payment request (the "Eleventh Monthly Payment Request") the amount of $12,090.96 as compensation for fees and $2.64 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $16,793.00) in fees and 100% of the disbursements requested in Foley's Eleventh Monthly Payment Request.

20. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its twelfth monthly payment request (the "Twelfth Monthly Payment Request") the amount of $1,713.60 as compensation for fees and $11.00 in disbursements. The amounts allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $2,142.00) in fees and 100% of the disbursements requested in Foley's Twelfth Monthly Payment Request.

21. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its thirteenth monthly payment request (the "Thirteenth Monthly Payment Request") the

amount of $549.00 as compensation for fees and no disbursements. The amount allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $762.50) in fees requested in Foley's Thirteenth Monthly Payment Request.

22. Pursuant to the Payment Procedures Order allowing Foley's interim compensation under its fourteenth monthly payment request (the "Fourteenth Monthly Payment Request") the amount of $599.76 as compensation for fees and no disbursements. The amount allowed pursuant to the Payment Procedures Order represents (80% of the 90% of the $749.70) in fees requested in Foley's Fourteenth Monthly Payment Request.

23. The First Consolidated Monthly Payment Request, the Second Monthly Payment Request, the Third Monthly Payment Request, the Fourth Monthly Payment Request, the Fifth Monthly Payment Request, the Sixth Monthly Payment Request, the Seventh Monthly Payment Request, the Eighth Monthly Payment Request, the Ninth Monthly Payment Request, the Tenth Monthly Payment Request, the Eleventh Monthly Payment Request, the Twelfth Monthly Payment Request, the Thirteenth Monthly Payment Request and the Fourteenth Monthly Payment Request are collectively referred to herein as the "Interim Payment Requests". All amounts allowed on an interim basis under the Interim Payment Requests have been previously paid to Foley.

24. This Final Fee Application is Foley's fifteenth and final request for compensation for services rendered and reimbursement of expenses incurred as counsel to the Debtors along with the holdback of professional fees.

### RELIEF REQUESTED

25. By this application, Foley also seeks final approval of all fees and expenses incurred during the Final Fee Period in the amount of $4,996.80, representing 90% of $5,552.00

in fees and $39.00 in disbursements, including authorization for the Debtors to pay the holdback of professional fees in the amount of $54,833.49.

26.  Foley served the Interim Payment Requests for the periods covering December 24, 2014 to and including July 31, 2016.  The fees and expenses for which compensation and reimbursement were sought were actual, reasonable, and necessary within the meaning of § 330(a) of the Bankruptcy Code.

## COMPENSATION OF FEES

27.  Section 330(a) of the Bankruptcy Code governs compensation of professionals in bankruptcy matters.  See In re Apex Oil Co., 960 F.2d 728, 731 (8th Cir. 1992).  Section 330(a) provides, in relevant part, as follows:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).  "Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in the bankruptcy courts." In re McCombs, 751 F.2d

286, 288 (8th Cir. 1985). Under section 331 of the Bankruptcy Code, compensation for professional services may be awarded on an interim basis. 11 U.S.C. § 331.

28. During the Compensation Period, Foley rendered professional services on behalf of the Debtors. Foley provided its services with the requisite level of skill and performed those services within a reasonable amount of time to commensurate with the complexity, importance, and nature of the problems, issues and tasks addressed.

29. Foley has charged its customary fees, which are reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. The amount sought in compensation is in line with awards in similar cases and is commensurate with the professional standing, ability, and expertise of Foley and the professionals and paraprofessionals who have participated in these cases. Accordingly, the payment requested herein reflects the reasonable value of the services provided to the Debtors.

30. Foley has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism.

31. The blended hourly rate of Foley's professionals is $491.41. Attached hereto as Exhibit A is a list of hourly rates for the attorneys and paraprofessionals who provided service to the Debtors in these cases during the Compensation Period, the total number of hours worked by each individual and total fees accrued, and where applicable each individual's year of admission to the bar and area of concentration. The hourly rates charged are consistent with the engagement letters, dated January 8, 2015 between Foley and the Debtors.

32. Attached hereto as Exhibit B is a listing of the fees that Foley actually charged, corresponding to the categories detailed in the Narrative Summary of Services, below, during the

period covered by this Application. In accordance with Federal Rule of Bankruptcy Procedure 2016(a), the itemized list identifies: (a) the specific tasks performed; (b) the attorney or paraprofessional who performed the tasks; (c) the time required to perform the tasks; and (d) the date on which the tasks were performed. Foley has described each specific task and separately allocated the time attributable to that task.

33.     Foley states that no such agreement or understanding exists between Foley and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with Foley's representation of the Debtors in the above-captioned cases. All of the professional services for which compensation is requested herein were performed by Foley for and on behalf of the Debtors, and not for or on behalf of any other person or entity.

**Reimbursement of Expenses**

34.     Pursuant to § 330(a)(1)(A) of the Bankruptcy Code, the Court may award a professional "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A). Accordingly, Foley seeks reimbursement of the actual, necessary expenses that it incurred during the period covered by this Application. In these cases, Foley charged $0.10 per page for copies. Foley typically charges its clients $0.50 per page for outbound facsimiles. Foley does not charge its clients for incoming facsimiles. Charges for travel, electronic research, overnight delivery, postage, long distance phone calls, and other out-of-pocket disbursements are based on actual amounts paid by Foley for those services. Attached hereto as Exhibit C is a detailed description of expenses that the Applicant incurred from August 1, 2016 through and including September 27, 2016.

**NARRATIVE SUMMARY OF SERVICES PERFORMED**

### A. Fee/Employment Applications (57.20 hours, $23,210.50 in fees)

35. The fees in this category include, without limitation, time expended for the following: assisted in preparing the Debtors' applications to retain Foley as special counsel in compliance with the new U.S. Trustee Guidelines, addressed objections to their retention, attended a hearing on the application[1] and preparation of interim fee applications.

### B. Illinois Racing Board (83.50 hours, $49,573.00 in fees)

36. The fees in this category include, without limitation, time expended for the following: advised and assisted the Debtors in dealing with the Illinois Racing Board ("IRB") in connection with any issues related to the Chapter 11 Cases.

37. Foley represented the Debtors at regularly-scheduled IRB monthly meetings and specially-called meetings of the IRB, preparation of regular status reports to IRB, communications with counsel and representative of the IRB and assistance to the Debtors concerning continued compliance with the rules and regulations of the IRB and Horse Racing Act.

38. Foley represented the Debtors with regard to issues pertaining to the stakes races motion for compliance with IRB rules and statues.

39. In addition, Foley represented the Debtors with regard to issues regarding settlement cycle required by IRB, IRB's request to consolidate Backstretch and Intrastate settlement, and the settlement acceleration motion.

---

[1] In response to the required disclosures in Section C.5.d.-f. of the Department of Justice Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, (i) this Application requests compensation for 9.20 hours and $2,092.00 in fees incurred for work involved in reviewing and editing billing records for Foley, (ii) Foley did not incur any fees for reviewing time records to redact privileged or other confidential information, and (iii) Foley did not institute any rate increases during the period covered by the Application.

### C. Appeal/Riverboat Litigation (651.40 hours, $316,464.50 in fees)

40. Foley assisted and advised the Debtors in efforts to formulate a settlement of the Riverboat Litigation, including continued communications with counsel to the Riverboats on all aspects of the Chapter 11 Cases, including all motions filed, to foster a spirit of cooperation between the parties, facilitate uncontested proceedings to the extent practicable. It also advised the Debtors of the impact of the Riverboat Litigation on the drafting and approval of the final Plan of Liquidation approved by this Court.

41. Foley drafted post-trial motions and replies, including a renewed motion for judgment with memorandum in support, and motion for a new trial. Foley also prepared a post-trial response to petition for fees and its own bill of costs.

42. Foley then performed all services required to file, research, review the extensive record on appeal, fully brief and argue the Debtors' appeal of the Riverboat litigation to the Seventh Circuit. The appeal resulted in a Seventh Circuit reversal of the RICO judgment against the Debtors and commensurate reduction in the final judgment amount against the Debtors from approximately $80 million to approximately $26 million. The services included review and analysis of the opinion reversing the RICO Judgment. Foley also, advised the Debtors about the impact of the opinion on plan implementation and entry of a corrected judgment in the District Court.

### CONCLUSION

43. Giving due consideration to the nature of the services rendered, the size of the case, the legal complexities encountered, Foley's experience, Foley's normal and customary hourly rates for similar services, the results achieved on behalf of the Debtors, and the time devoted by Foley to the representation of the Debtors, the fees and expenses for which compensation and reimbursement are sought in this Application are actual, reasonable and

necessary costs of the administration of these chapter 11 cases. Foley has added value to the administration of these Chapter 11 Cases and has achieved an efficient delivery of legal services to the Debtors.

WHEREFORE, Foley respectfully requests that the Court enter an order approving the following:

(i) Final allowance in the sum of **$4,996.80**, representing 90% of $5,552.00 as compensation for necessary professional services rendered to the Debtors for the Interim Fee Period, and the sum of **$39.00** for reimbursement of actual necessary costs and expenses incurred during that period;

(ii) Final allowance of interim compensation previously paid for professional legal services rendered in the amount of **$291,012.75** together with total additional compensation requested net of prior payments in the amount of **$55,382.49** and interim expense reimbursement previously paid in the amount of **$23,082.86** for the Final Fee Period; and

(iii) Granting such other and further relief as is just and proper.

Dated: October 5, 2016                **FOLEY & LARDNER LLP**

By: /s/ William J. McKenna
William J. McKenna
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654-5313
(312) 832.4500 Telephone
(312) 832.4700 Facsimile